PEARSON, Judge.
On November 21, 1974, appellee Thomas McGrath was injured while employed by, and on duty as a police officer with, the appellant City of Hialeah. Thereafter, McGrath remained on active duty with the City until he was retired permanently on March 13, 1978. ■
McGrath, received workmen’s compensation benefits, and on February 28, 1977, the City entered into an agreement with him for the sum of $11,000.00 to wash out all past, present, and future workmen’s compensation claims from the November 21, 1974, injury. The agreement was approved by a Judge of Industrial Claims on March 14, 1977. As part of the agreement, the City received $4,000.00 and agreed to waive any lien rights for reimbursement of the $11,000.00. McGrath paid the City $4,000.00 and gave up future rights of recovery to settle the City’s $11,000.00 compensation claim.
McGrath was permanently retired under Section 24-14 of the City’s code as totally disabled on March 13, 1978, and $160.00 bi-weekly was deducted from McGrath’s retirement benefits.
McGrath then filed a complaint for damages for wrongful withholding of workmen’s compensation benefits from his retirement pension from the date the City previously settled its workmen’s compensation claim with him. After hearing the evidence, the trial court ruled that the City could not deduct from McGrath’s disability benefits sums advanced for workmen’s compensation because the City settled its workmen’s compensation claim with McGrath for $4,000.00. By stipulation of the parties, McGrath amended his claim that the City, under Section 24-14 of its code, should be paying him disability benefits based on his salary on the date of his retirement (i. e., $727.04 bi-weekly) instead of his salary on the date of his injury (i. e., $532.54 bi-weekly).
On the date of the injury (November 21, 1974), McGrath was earning $532.54 biweekly. He remained on the active duty list until March 13, 1978, and received temporary disability benefits under employer’s Section 24-13 of the City’s code, at 100% of his salary for those days he was not working due to his disability. From the date of injury, McGrath’s gross salary under Section 24-14 of the City’s code increased by increments until, on March 13, 1978, he was receiving $727.04 bi-weekly.
Under Section 24-14, McGrath was entitled to 75% of his gross salary “at time of injury.” The same standard used to pay claimants under Section 24 — 14 is used under Section 24-13.
Based upon these facts, the trial judge entered its judgment as follows:
“1. Adjudged that Plaintiff, Thomas McGrath, shall recover from Defendant, City of Hialeah, the sum of $3,200.00, for which let execution issue.
“2. Defendant is enjoined from making further deductions of $160.00 biweekly from each of Plaintiff’s disability payments after January 22, 1979.
“3. Plaintiff’s demand for mental anguish and punitive damages is denied.
“4. Adjudged that Plaintiff is entitled to receive as disability payments from Defendant under Section 24 — 14 of the Hialeah City Code 75% of $727.04 biweekly from March 14, 1978.
“5. Adjudged that Plaintiff, Thomas McGrath, shall additionally recover from Defendant, City of Hialeah, the sum of $3,792.75 disability payments due from March 14, 1978, through March 13, 1979, caused by Defendant’s computing disability benefits based upon 75% of $532.54 instead of $727.04, for which let execution issue.
*800 “6. Defendant is enjoined from making further deductions on Plaintiff’s disability payments under Section 24-14 of the Hialeah City Code based upon Plaintiff’s salary of $532.54 bi-weekly instead of $724.04 bi-weekly.”
Two points on appeal are presented. The first urges error in the trial court’s holding that the City did not have a right to reimbursement for monies paid under the Workmen’s Compensation Act. We find no error under this point, particularly in view of the fact that the parties entered into a stipulation for settlement of all matters growing out of the workmen’s compensation action. If the City intended to reserve any rights against McGrath at that time, they should have been specified. See the principle in Langbein v. Comerford, 215 So.2d 630, 632 (Fla. 4th DCA 1968). Accordingly, we find no error under the City’s first point.
The second point urges error in the trial court’s finding that McGrath is entitled to 75% of his salary at the time of his separation from the service rather than 75% of his salary at the “time of injury,” as provided by the Ordinances of the City of Hialeah. The controlling sections of the ordinances are Sections 24 — 13 and 24-14:
“Sec. 24-13. Amount of compensation for temporary total disability — Additional payments.
sf! sf: sit * ift jft
“During the period of time that the employee is temporarily absent from duty, by reason of being temporarily totally disabled, the city shall pay to such temporarily totally disabled employee the difference between the maximum paid under the Florida Workmen’s Compensation Act and one hundred percent of the employee’s salary at the time of injury, for a period not to exceed twenty-six weeks from the date of injury.

“Sec. 24-14. Same — Disability in excess of twenty-six weeks.
“On and after October 22, 1957, an employee whose total disability extends beyond the twenty-six week period prescribed in section 24-13, shall continue to receive for his period of total disability an amount of money which shall equal seventy-five per cent of his gross salary at time of injury, taking into consideration benefits from workmen’s compensation, if any, benefits derived from the general retirement system, section 24 — 17, and compensation provided from ‘permanent total disability fund’ created by section 24 — 16. (Ord.No. 1088, § 1, 10-22-57)”
It is clear from the reading of these sections that the ordinances provide that the disability payments shall be 75% of the employee’s salary at the “time of injury.” McGrath urges that some distinction should be drawn between the use of the words “time of injury” in these two sections.
We are unable to understand such a distinction, and while it is clear that a decision to grant disability to an injured police officer, based upon his salary at time of termination, would be an attractive — and perhaps merciful — decision, nevertheless we feel that we are bound by the language of the ordinance under which the employee claims. Accordingly, we hold that the trial court erred in determining that McGrath’s disability compensation should be based on his salary at the time of separation and that it is the duty of the court to give meaning to the clear language of the ordinance under which McGrath is entitled to compensation, based upon his salary at the time of injury. See Rinker Materials Corporation v. City of North Miami, 286 So.2d 552 (Fla.1973); see also State v. Egan, 287 So.2d 1, 4 (Fla.1973), quoting with approval Van Pelt v. Hilliard, 75 Fla. 792, 78 So. 693 (1918); and Vocelle v. Knight Brothers Paper Company, 118 So.2d 664, 667 (Fla. 1st DCA 1960).
Reversed and remanded for an amended judgment in accordance with the views expressed herein.