530 So.2d 445 (1988)
STATE FARM FIRE & CASUALTY COMPANY, Appellant,
v.
Marva CRONK, Jay P. Lewis, Pamela Lewis and Zahn Builders, Inc., a Florida Corporation, Appellees.
No. 87-2488.
District Court of Appeal of Florida, Fourth District.
August 31, 1988.
Richard A. Sherman of Law Offices of Richard A. Sherman, P.A., Fort Lauderdale, for appellant.
M. Sandy Konigsberg of Law Offices of Ronald A. Luzim, P.A., Coral Springs, for appellee-Marva Cronk.
Harvey D. Ginsburg of Walton, Lantaff, Schroeder & Carson, Fort Lauderdale, for appellee-Zahn Builders, Inc.
COOK, JACK H., Associate Judge.
Appellant, State Farm Fire & Casualty Company, appeals the dismissal of its complaint for declaratory relief. We conclude that the action is appropriate for declaratory relief and thus reverse.
In its complaint, State Farm alleged that its insured, Appellee Marva Cronk, had been sued by her tenants, Jay P. Lewis and Pamela Lewis, for constructive eviction from their apartment and personal injuries caused by Mrs. Cronk's negligence, in allowing unsafe levels of formaldehyde gas to be discharged from the apartment's air conditioning system. The Lewises also joined Appellee Zahn Builders in the suit as the builder of the apartment.
In its complaint, State Farm asks the court to answer three basic questions by declaratory decree. First, whether the provisions of the insurance policy afforded coverage for the type of injuries allegedly suffered by Mr. and Mrs. Lewis. Second, whether the injuries to the Lewises occurred before the effective date of the policy. Third, whether State Farm had a duty to defend the action brought by the Lewises. *446 The trial court granted the appellees' motion to dismiss the complaint with prejudice without stating its reasons.
On appeal, Mrs. Cronk and Zahn Builders urge that the dismissal was proper because State Farm did not seek to have the court resolve an ambiguity in the insurance policy, but, rather, sought to have the court make factual determinations in order to determine coverage. To support this position, Cronk and Zahn Builders rely on Bergh v. Canadian Universal Insurance Co., 216 So.2d 436 (Fla. 1968), Columbia Casualty Co. v. Zimmerman, 62 So.2d 338 (Fla. 1952), and Smith v. Milwaukee Insurance Co., 197 So.2d 548 (Fla. 4th DCA), cert. dismissed, 204 So.2d 332 (Fla. 1967).
In all of those cases, an insured or insurer sought a declaratory decree concerning insurance coverage, based entirely upon a factual determination, without raising any question about the meaning of the policy language or the extent and nature of the coverage provided. In Bergh, Justice Ervin analyzed the holdings in Zimmerman and similar cases as follows:
Our study of the above-mentioned cases reveals that the basic issue involved in those cases is analogous to the one posed by the instant situation, to wit: a determination in a declaratory judgment proceeding as to whether the insurer is liable to the insured in view of alleged breaches of policy provisions  said determinations involving, in each case, factual questions and issues not contract interpretations or construction.
Bergh, 216 So.2d at 440.
In this case, if State Farm had sought only a declaration of coverage based on whether Mr. and Mrs. Lewis had been injured before the effective date of the policy, the cases relied upon by Mrs. Cronk and Zahn Builders might well control. The only question then presented would be factual, i.e., the date of the injury, and there would be no question of policy interpretation or policy construction. However, State Farm also asked the circuit court to determine whether the policy provisions afforded coverage for the injuries alleged by the Lewises and whether it had a duty to defend Mrs. Cronk under the policy. The question of whether the policy provisions afford coverage clearly requires the court to interpret the policy language and thus is appropriate for declaratory relief. The question of whether State Farm had a duty to defend Mrs. Cronk can be determined from the face of the Lewis complaint and has consistently been held to also be appropriate for declaratory relief. See Baron Oil Co. v. Nationwide Mutual Fire Insurance Co., 470 So.2d 810 (Fla. 1st DCA 1985); Caldwell v. Allstate Insurance Co., 453 So.2d 1187 (Fla. 1st DCA 1984).
Since the complaint stated a cause of action for declaratory relief, the order of the circuit court is reversed and the case is remanded for further proceedings.
GLICKSTEIN and DELL, JJ., concur.