PER CURIAM.
The issue in the trial court on a complaint for declaratory judgment action was: Where an employee of a self-insured municipality, rendered permanently and totally disabled in a job-related accident, is limited by municipal law to 75% of gross salary in early retirement pension benefits including workers’ compensation benefits, may the municipality recover, in set-offs against periodic pension payments, more than the ac *681 tual amount paid to the employee as a lump-sum settlement of a workers’ compensation claim? Resolution of the question requires a construction of municipal laws, an employment contract, and a settlement agreement.
The final judgment on review here disposed of the case without findings of fact or conclusions of law, stating only that "... Plaintiff, BRUCE WEATHERFORD, JR., take nothing by this action and the Defendant go hence and recover costs to be hereinafter taxed.”
As a result of an accident which occurred in the course and scope of his employment, police officer Bruce C. Weatherford, Jr., was rendered totally and permanently disabled. He was pensioned off on June 21, 1977 pursuant to section 24-14, City Code of Hialeah, which provides:
[A]n employee whose total disability extends beyond the twenty-six week period prescribed in section 24-13, shall continue to receive for his period of total disability an amount of money which shall equal seventy-five percent of his gross salary at time of injury, taking into consideration benefits from workmen’s compensation, if any, benefits derived from the general retirement system, section 24-17, and compensation provided from “permanent total disability fund” created by section 24-16_
(Emphasis added.)
By an order dated April 7, 1975, Officer Weatherford settled his claim for workers’ compensation benefits and accepted a lump-sum payment of $9,000. When the pension payments started, the City began to deduct $160 from his bi-weekly pension benefits of $307.50 as if bi-weekly workers’ compensation benefits were being paid. Section 24-15 of the City Code is relied on as authority for the deduction of amounts equal to the weekly workers’ compensation benefits Weatherford would have received but for the settlement. It provides:
In the event a disabled employee elects to accept a lump sum settlement from workmen’s compensation, the amount he will receive under the provisions of this article shall be as specified in section 24-14 based upon the amount of workmen’s compensation he would have received on a weekly basis had he not elected to accept the lump sum settlement ...
When the complaint was filed, deductions from Weatherford’s bi-weekly pension for the workers’ compensation award had exceeded $38,000. Weatherford claims that the deductions should have terminated after an amount equal to the $9,000 lump-sum settlement award had been recouped by the City. The City counters that the deductions should continue as long as it is obligated to make the pension payments. In answer to Weatherford’s contentions on appeal, the City also asserts affirmative defenses—that the action is precluded by res judicata and barred by the statute of limitations. We must, however, address the issue on the merits because no affirmative defense appears on the face of the complaint and none was either pleaded or proved.
In City of Hialeah v. McGrath, 378 So.2d 798 (Fla. 3d DCA 1979), we construed the same City Code provision—section 24-14—and concluded that the City did not have the right to withhold from disability retirement pension payments, any monies paid by the City to the former employee under the Workmen’s Compensation Act. In McGrath the parties had entered into a stipulation for settlement of all matters growing out of the workers’ compensation action and the City had not, by terms of the stipulation, specifically reserved any right to set-off the lump-sum payment of workers’ compensation benefits against pension benefits.
In our view, Weatherford’s complaint for declaratory relief alleged sufficient facts reflecting a justiciable controversy, see generally Bryant v. Gray, 70 So.2d 581 (Fla.1954); Grable v. Hillsborough County Port Auth., 132 So.2d 423 (Fla. 2d DCA 1961), therefore, he was entitled to a declaration, see Duran v. Wells, 307 So.2d 259 (Fla. 2d DCA 1975)—either affirmative or negative in form. See Local 532 of Am. Fed’n of State, County and Mun. Employees v. City of Ft. Lauder *682 dale, 273 So.2d 441 (Fla. 4th DCA 1973); City of Miami v. Franklin Leslie, Inc., 179 So.2d 622 (Fla. 3d DCA 1965). An adjudication that the plaintiff “take nothing by this action” is inadequate. See, e.g., Breuil v. Hobbs, 166 So.2d 825 (Fla. 3d DCA 1964) (in action for declaratory judgment court required to make findings of fact and propound an order determining rights and duties of parties under agreements).
In the absence of a declaration of rights —to which the plaintiff is entitled—and a showing by the evidence why our holding in McGrath is not controlling here, the judgment must be reversed. See Lewis v. City of Atl. Beach, 467 So.2d 751 (Fla. 1st DCA 1985).
Reversed and remanded for further proceedings consistent with this opinion.