HERSEY, Chief Judge.
This is an appeal from an order dismissing with prejudice a petition for declaratory relief. The issue on appeal is the propriety of that dismissal, i.e., whether appellant, State Farm, was entitled to either an affirmative or negative declaration of its rights.
Angelo Zepeda fell from scaffolding while installing drywall and was injured. He filed a complaint against All Phase Interiors and Remodeling, Inc., alleging ordinary negligence. That negligence was said to arise from the fact that All Phase owned and erected the scaffolding, knew that he was working on that scaffolding and failed to provide him with safe scaffolding, and failed to warn him of the known danger.
All Phase has a general liability insurance policy with State Farm Insurance Co. That policy insured against bodily injury and property damage claims. Specifically excluded from coverage, however, were claims arising out of injury to an employee of All Phase under certain conditions.
After Zepeda filed the complaint in the tort action, State Farm sought a determination in this declaratory judgment action as to whether it had a duty to defend and whether there was coverage in light of the employee exclusion. Joined as respondents with All Phase and Zepeda were Robert A. Gamble and Yvonne Gamble, alleged to have an ownership interest in All Phase. The trial court dismissed the action and State Farm brings this appeal. We reverse for a variety of reasons.
Appellees point out that the complaint in the tort action does not allege any employment relationship between Zepeda and All Phase, suggesting that this is a strong reason not to allow appellant to allege such a relationship in its petition for declaratory relief. It seems to us that just the opposite is true. Even if we subscribed to the line of cases that hold it is not appropriate to obtain resolution of a disputed fact in a declaratory action where that fact is already in issue in an existing common law action, the configuration of the declaratory action vis-a-vis the tort action involved here clearly does not run afoul of that proscription. The fact of an employment relationship is not a fact which has been placed in issue in the negligence action. Yet it is a fact not only relevant but essential to appellant’s duty to defend, and the ultimate issue of coverage. For this reason alone appellant was entitled to a declaration of its rights. But we need not rest reversal on speculation as to whether or not Zepeda was an employee of All Phase and/or Gamble.
The petition for declaratory relief alleged sufficient facts to establish the existence of *1136 a justiciable issue. The order dismissing the amended petition, which is the order before this court, gave no reasons for dismissal. This was error. Weatherford v. City of Hialeah, 537 So.2d 680 (Fla. 3d DCA 1989).
We will not burden this opinion with extensive historical and analytical discussion of the issue of whether declaratory relief is available to determine solely “factual” issues. There are numerous cases on both sides of the controversy. We would hope that the supreme court, given the appropriate opportunity to do so, will revisit its position on this issue laid down in Columbia Casualty Co. v. Zimmerman, 62 So.2d 338 (Fla.1952), in view of the present wording of paragraph (2) of section 86.011, Florida Statutes (1989), which commences: “Of any fact....” In any event, we do not rest our rationale here on the appropriateness of the declaration as to a factual issue.
While one issue in this action is whether an employment relationship existed, there are the additional interpretive issues of whether that relationship triggers the exclusionary clause in the policy and what effect this has on appellant’s duty to defend, if any. This is sufficient to require a declaration. State Farm Fire & Casualty Co. v. Cronk, 530 So.2d 445 (Fla. 4th DCA 1988).
Appellant is entitled to a declaration of its rights as the issues are framed in its petition. We do not here address the appropriateness of the present allegations; we simply find at least the minimum requirements to justify some declaration. See Swain v. Reliable Ins. Co., 200 So.2d 862 (Fla. 3d DCA 1967). Appellant is not precluded by our opinion from further amending its petition if that seems appropriate in the retrospection provided by the briefs and argument occasioned by this appeal.
REVERSED AND REMANDED.
OWEN, WILLIAM C., Jr., Senior Judge, concurs.
STONE, J., dissents with opinion.