STONE, Judge.
We reverse a final judgment dismissing the City of Hollywood’s complaint for declaratory judgment. The City alleges that a controversy exists in construing the franchise agreement between the parties, reflected in a city ordinance setting out the terms of the franchise. Section 86.021, Florida Statutes, provides for a declaration of rights or status where a party to an agreement is in doubt as to rights thereunder.
The City contends that the terms of payment to the City by the franchisee constitute an illegal and unconstitutional tax exemption that the earlier commission did not have the power to grant. See generally, Capital City Country Club, Inc. v. Tucker, 613 So.2d 448 (Fla.1993); Archer v. Marshall, 355 So.2d 781 (Fla.1978); Lykes Bros., Inc. v. City of Plant City, 354 So.2d 878 (Fla.1978). The City asserts that although FPL may theoretically owe taxes, the provi sion in question provides that the utility will receive a dollar for dollar tax exemption against franchise fees.
The trial court concluded that the City’s allegations were inconsistent with the court’s interpretation of the terms of the ordinance attached as an exhibit to the complaint. See Greenwald v. Triple D Prop. Inc., 424 So.2d 185 (Fla. 4th DCA 1983); Harry Pepper & Assoc., Inc. v. Lasseter, 247 So.2d 736 (Fla.3d DCA), cert. denied, 252 So.2d 797 (Fla.1971). However, we conclude that the complaint demonstrates that the City is entitled to a declaration of its rights. Cf. Bell v. Assoc. Indep., Inc., 143 So.2d 904 (Fla. 2d DCA 1962). See also, State Farm Fire & Cas. Co. v. All Phase Interiors & Remodeling, Inc., 578 So.2d 1134 (Fla. 4th DCA 1991); Watergate Corp. v. Reagan, 321 So.2d 133 (Fla. 4th DCA 1975).
The standard for testing the sufficiency of a declaratory judgment complaint is set out in May v. Holley, 59 So.2d 636 (Fla.1952):
Before any proceeding for declaratory relief should be entertained it should be clearly made to appear that there is a bona fide, actual, present practical need for the declaration; that the declaration should deal with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts; that some immunity, power, privilege or right of the complaining party is dependent upon the facts or the law applicable to the facts; that there is some person or persons who have, or reasonably may have an actual, present, adverse and antagonistic interest *287 in the subject matter, either in fact or law; that the antagonistic and adverse interest are all before the court by proper process or class representation and that the relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity.
Id. at 639. See also Robinson v. Town of Palm Beach Shores, 388 So.2d 314 (Fla. 4th DCA 1980).
We note that here, unlike those cases relied on by Appellee, the suit is not brought “on” the document that is perceived as being inconsistent with the complaint. It is not necessary in this appeal to resolve whether there may be an inconsistency or ambiguity. Those issues are to be resolved on the merits where the Plaintiff seeks an interpretation of a document and meets the May v. Holley test. The City is entitled to a resolution of its doubts concerning its rights and obligations in this controversy.
OWEN, WILLIAM C., JR., Senior Judge and MAY, MELANIE, Associate Judge, concur.
BY ORDER OF THE COURT:
ORDERED that appellant’s motion filed August 26, 1993, for clarification is granted, and the above-styled appeal is hereby remanded to the trial court for further proceedings consistent with this court’s opinion.