734 So.2d 546 (1999)
Ray HYMAN, Appellant,
v.
OCEAN OPTIQUE DISTRIBUTORS, INC., Appellee.
No. 98-984.
District Court of Appeal of Florida, Third District.
June 2, 1999.
*547 Andrew C. Hall, and Sheri M. Gutsin, and Adam S. Hall, Miami, for appellant.
No appearance for appellee.
Before COPE, GREEN, and SHEVIN, JJ.
GREEN, J.
This is an appeal from a final summary judgment entered in a declaratory judgment action. The judgment simply recites that "the motion for summary judgment is granted and ... that Ray Hyman take nothing by this action and that Ocean Optique Distributors, Inc. go hence without day."
In 1988, the appellant, Ray Hyman, founded Ocean Optique Distributors, Inc. ("Ocean Optique"), and was employed by the company until 1996. During the course of his employment, Hyman acquired the option to purchase 224,484 shares of Ocean Optique stock at certain delineated prices. The option agreements, however, all contained the following provision.

3.3 Changes in Capital Structure. If there is any change in the capital structure of the Company through merger, consolidation, reorganization, recapitalization or otherwise, or if there shall be any stock dividend, stock split or combination of shares, the number and the Option Price of the shares of Stock with respect to which an Option has been granted hereunder shall be proportionately adjusted by the Board as it deems equitable, in its absolute discretion, to prevent dilution or enlargement of the rights of Optionee. The issuance of Stock for consideration shall not be considered a change in the Company's capital structure. No adjustment provided for in this Paragraph 3.3 shall require the issuance of any fractional shares. (emphasis added).
During a two year period, Ocean Optique underwent drastic changes in its capital structure, including a merger with another corporation which more than tripled the amount of its issued and outstanding shares. Prior to and in anticipation of this merger, Ocean Optique's board of directors voted to lower the exercise prices contained in the option agreements of the company's directors, executive officers and certain other employees which enabled such persons to exercise options for a more profitable return. The board of directors, however, refused to similarly change the exercise price contained in Hyman's option agreements.
Because Hyman believed that the board of directors was obligated under section 3.3 of the option agreement to similarly and proportionately adjust the exercise prices contained in his option agreements, he filed this one-count declaratory action seeking a declaration of his rights and obligations under the option agreements. Ocean Optique filed a motion to dismiss based upon the argument that section 3.3 was unambiguous on its face and that Hyman was therefore entitled to no declaratory relief. This motion was denied. Ocean Optique subsequently filed a motion for summary judgment and asserted that by the clear and unambiguous terms of section 3.3, the decision of whether to adjust or lower Hyman's options was within its absolute discretion. Consequently, they argued that there was no need for the court's construction of the section; therefore, *548 relief pursuant to the Declaratory Judgment Act, section 86.011, et seq., Florida Statutes (1997), was not available. See Barrett v. Pickard, 85 So.2d 630 (Fla. 1956); Columbia Cas. Co. v. Zimmerman, 62 So.2d 338 (Fla.1952). Hyman countered, however, that the absolute discretion given to Ocean Optique carried a concomitant duty to exercise such discretion, reasonably and in good faith, and that the breach of this duty was actionable. See Gregg v. U.S. Indus., Inc., 715 F.2d 1522 (11th Cir.1983); Scheck v. Burger King Corp., 756 F.Supp. 543 (S.D.Fla.1991).
At the hearing on the motion below, the trial court orally found, and we agree, that on its face, section 3.3 of the option agreements clearly gives Ocean Optique discretion in this matter, but that there is an implicit covenant of good faith in the exercise of such discretion pursuant to Florida law. See Gregg, 715 F.2d at 1535; Scheck, 756 F.Supp. at 549. We further agree with the trial court's oral conclusion that it was not authorized to adjudicate the issue of whether Ocean Optique had breached its implicit duty of good faith in refusing to adjust the prices of Hyman's options since this issue was never raised in the pleadings to this declaratory action. Hyman's one-count declaratory action merely requested the court's construction of section 3.3. See Miceli v. Gilmac Developers, Inc., 467 So.2d 404, 406 (Fla. 2d DCA 1985) (stating that "[a] trial court may not decree relief that has neither been requested by way of any pleading ...".); see also, Raskin v. Raskin, 625 So.2d 1314, 1315 (Fla. 4th DCA 1993); Pond v. McKnight, 339 So.2d 1149, 1149 (Fla. 2d DCA 1976).
We do conclude, however, that having made these oral pronouncements, the trial court did reversibly err in entering a final summary judgment in this declaratory action reciting that "Hyman take nothing by this action and that Defendant Ocean Optique Distributors, Inc. go hence without day." First of all, having denied Ocean Optique's motion to dismiss the complaint in this cause, the court necessarily concluded that Hyman was entitled to a declaration of his rights. That is because a motion to dismiss a complaint for declaratory judgment is not a motion on the merits. "Rather, it is a motion only to determine whether the plaintiff is entitled to a declaration of its rights, not to whether it is entitled to a declaration in its favor." Royal Selections, Inc. v. Florida Dept. of Rev., 687 So.2d 893, 894 (Fla. 4th DCA 1997) (citations omitted). Thus, having determined that Hyman was entitled to a declaration of his rights under section 3.3, the lower court was then obligated, under established Florida law, to enter a judgment explicitly outlining the parties' respective rights or obligations. See Payne v. Humana Hosp. Orange Park, 661 So.2d 1239, 1242 (Fla. 1st DCA 1995); Conley v. Morley Realty Corp., 575 So.2d 253, 255 (Fla. 3d DCA 1991); Weatherford v. City of Hialeah, 537 So.2d 680, 681-82 (Fla. 3d DCA 1989); Appel v. Scott, 479 So.2d 800, 803 (Fla. 2d DCA 1985); Local 532 of the Am. Fed'n of State, County, and Mun. Employees, AFL-CIO v. City of Fort Lauderdale, 273 So.2d 441, 442 (Fla. 4th DCA 1973). As we expressly held in Weatherford, 537 So.2d at 682, a final judgment adjudicating that the plaintiff "take nothing by this action," without any declaration of rights is inadequate and constitutes reversible error.
We therefore vacate the final summary judgment entered herein and remand for the trial court to enter a final judgment with a declaration of the parties' respective rights and obligations consistent with its oral pronouncements and this opinion.