RAMIREZ, J.
(dissenting).
Appellant/plaintiff, Ocean Harbor Casualty Insurance Company appeals the dismissal of its complaint for declaratory judgment. Respectfully, I would reverse the trial court’s dismissal of the declaratory judgment action.
The appellee, Francisco Aleman, owned an automobile insured by Ocean Harbor. It was involved in an accident while being driven by Legia Lorenzo Espinoza. Ocean Harbor filed a lawsuit seeking a declaratory judgment that there was no coverage under the policy due to a material misrepresentation allegedly made by Aleman during the application process, i.e., that there were no other licensed adults living in his household who would drive his car. The defendants in the declaratory judgment action filed a motion to dismiss the complaint, alleging that no cause of action for declaratory judgment was stated because the policy provisions were clear and unambiguous and the complaint sought a ruling on purely factual issues such as whether there was a material misrepresentation made during the application process, the trial court agreed and dismissed the complaint. I would reverse.
In my view, we should accept the good faith allegations the plaintiff has made in its complaint. Cf. Grunewald v. Warren, 665 So.2d 1227, 1229 (Fla. 1st DCA 1995); Norris v. Southern Bell Tel. & Tel. Co., 324 So.2d 108 (Fla. 3d DCA 1975) (the fact that the plaintiff may have exaggerated her claim cannot form the basis for concluding that the amount claimed could not in good faith reach the jurisdictional limit of the circuit court). The plaintiff alleged that the failure to disclose the information constituted a “material misrepresentation pursuant to Florida Statute 627.409 and therefore voids and nullifies coverage in this matter. However, Plaintiff is unsure as to its rights, obligations and duties under said policy and would seek a declaratory judgment. ...”
Declaratory judgments in Florida are governed by Chapter 86 of the Florida Statutes, originally adopted in 1943. Ch. 21820, Laws of Fla. (1943). Under section 86.011, the trial court has jurisdiction
to declare rights, status, and other equitable or legal relations whether or not further relief is or could be claimed.... The court may render declaratory judgments on the existence, or nonexistence:
(1) Of any immunity, power, privilege, or right; or
(2) Of any fact upon which the existence or nonexistence of such immunity, power, privilege, or right does or may depend....
(emphasis added). Section 86.101 states that the Declaratory Judgment Act “is declared to be substantive and remedial. Its purpose is to settle and to afford relief from insecurity and uncertainty with respect to rights, status and other equitable or legal relations and is to be liberally administered and construed.” Kelner v. Woody, 399 So.2d 35, 37 (Fla. 3d DCA 1981)(emphasis added).
Despite broad statutory language, the Florida Supreme Court has limited the availability of declaratory actions where the issue is a “purely factual one.” Columbia Cas. Co. v. Zimmerman, 62 So.2d *756 at 339. This decision has been soundly criticized. See Gregor J. Schwinghammer, Jr., Insurance Litigation in Florida: Declaratory Judgments and the Duty to Defend, 50 U.Mia.L.Rev. 945, 960-65 (1996)(pointing out that the court only referred to one section of the statute without discussing the other section quoted above that specifically mentions factual disputes); see also Allstate Ins. Co. v. Conde, 595 So.2d 1005, 1007 n. 4 (Fla. 5th DCA 1992) (en banc) (stating that “[t]he majority in Zimmerman, perhaps because of the pleadings, did not consider the more expansive provisions of what is now section 86.011 which specifically authorizes the court to determine” factual disputes).
The issue in Zimmerman was admittedly very similar to the one in' our case: whether the driver was operating the automobile with the knowledge and consent of the owners so that there was insurance coverage for the accident. Without the relief available through a declaratory action, the insurer must wait until the insured is sued and then decide whether to defend or not to defend. The wrong choice may subject the insurer to liability in excess of the policy limits. See Note, Use of the Declaratory Judgment to Determine a Liability Insurer’s Duty to Defend-Conflicts of Interests, 41 Ind. L.J. 87 (1965).
The issue raised by Ocean Harbor’s complaint, like in Zimmerman, is not one that can be resolved by the trier of fact in the negligence action. To allow the insurer to litigate the issue after the fact in a coverage action is not a satisfactory solution because the carrier may have already expended considerable resources defending an action for which there was no insurance. See State Farm Fire & Cas. Co. v. Nail, 516 So.2d 1022, 1023 (Fla. 5th DCA 1987) (“[T]he argument that State Farm should extend a defense under a reservation of rights, instead of resolving the coverage issue in a separate declaratory judgment action in advance, ignores the fact that providing a defense where there is no legal obligation to do so constitutes an irreparable injury in and of itself.”). There will often be a conflict of interest between the insurer and the insured where this is the required procedure in cases of questionable coverage.
The Zimmerman decision was reaffirmed in Bergh v. Canadian Universal Ins. Co., 216 So.2d 436 (Fla.1968), which involved an insurer’s duty to defend a medical malpractice action where it was alleged that the doctor had failed to give timely notice of a pending claim.
I believe that we should not give Zimmerman and Bergh an expansive interpretation as the majority does by affirming the dismissal in this case, because to do so would limit “Chapter 86 to little more than a codification of the parol evidence rule.” Allstate Ins. Co. v. Conde, 595 So.2d at 1007. Whether a- misrepresentation is a material one under the policy at issue here necessarily, in my view, presents a mixed question of fact and law. “Material” is defined as “being both relevant and consequential.” The American Heritage Dictionary of the English Language 1109 (3d ed.1996).
We should adopt the reasoning of State Farm Fire & Cas. Co. v. Cronk, 530 So.2d 445 (Fla. 4th DCA 1988), which raised three questions that may be decided in a declaratory judgment action filed by an insurer: whether the policy afforded coverage for the type of injuries incurred; whether the injuries occurred before the effective date of the policy; and whether the insurer had a duty to defend. The Cronk court concluded that the question of whether the policy provisions afforded coverage required the court to interpret the policy language. Id. at 446. By the same token, this case calls for a determination of what is a material misrepresentation that would preclude coverage.
In my view, a strict interpretation of Zimmerman and Bergh, which the Court adopts today will eliminate a great many of the disputes that are routinely resolved *757 through declaratory actions and will unreasonably create excessive litigation and more conflicts of interest between insurers and their insureds. The Declaratory Judgment Act should instead be liberally interpreted to assist in the search for security and certainty in disputes over legal relationships. See Milgram v. Allstate Ins. Co., 731 So.2d 134 (Fla. 1st DCA 1999) (reversing a summary judgment in a declaratory action where there remained unresolved questions of material fact).