HENDRY, Judge.
Plaintiff-appellant is a manufacturer of boats, and defendant-appellee is a marine *826 architect. The parties entered into two agreements whereby appellee agreed to furnish appellant with the designs for two types -of boats which appellant would thereafter manufacture and sell. Appellant was to pay a royalty to appellee for his plans and specifications.[1] The agreement further provided for termination of the agreement by either party, and that upon termination:
“[0]f this Agreement, Breuil [appellant] shall refrain from further manufacture or sale of said boats, boat kits, parts, and/or semi-finished assemblies incorporating said designs, patents, or patent applications, except as otherwise provided.
“It is the intention of the parties hereto that any termination of this Agreement shall not prohibit Breuil from producing a line of boats using such methods of construction that exists as of the date of execution of this Agreement, or other later methods not originated by Hobbs. [Appellee]”
The parties operated pursuant to the agreements for several years, but then ap-pellee terminated the contracts. Appellant does not contest this termination. It is admitted that appellee holds no patents nor has he made any patent application for any thing or process in regard to these boats.
Appellant thereupon instituted an action pursuant to Ch. 87, Fla.Stat. F.S.A., for a declaratory decree determining the rights and duties of the parties pursuant to these agreements. Subsequent to the termination of the agreements, appellant continued to manufacture and sell these boats.
Appellee moved for decree on the pleadings, which was granted, and the chancellor entered the order appealed, which provided, in pertinent part:
“2. That the plaintiffs have no legal right to continue manufacturing or selling the boats described in paragraph 9 of the complaint and in the said agreements, nor to manufacture or sell boats wherein a method of construction is used in violation of paragraph 12 of said agreements; and plaintiffs accordingly shall cease and desist forthwith from manufacturing or selling boats as described in paragraph 9 of said complaint, or as described in paragraph 12 of the said agreements, except as provided in paragraph 10 of said agreements.”
Appellants contend that the chancellor erred in granting the appellee’s motion for decree on the pleadings, and in entering the above order. We find merit in this contention.
The chancellor was of the opinion that the agreement between the parties was crystal clear, and required no further elucidation on his part. We can not agree. The agreement evidently provided for the circumstances of termination, in that the appellant-manufacturer could use in its future manufacture and sale of boats those portions of the plans supplied by appellee that were not the innovation of the appellee. Whatever appellee had originated in these plans appellant agreed not to use.
It was evidently for the resolution of the question, of what specific portion of the boat designed could appellant use, that it instituted the instant litigation. The chancellor by his order did not even attempt to resolve that question.
The order appealed appears so broad that appellant could not manufacture any boat without putting itself in danger of contempt of court proceedings for violating the injunction. The chancellor should have received evidence and made findings of fact in regard to this issue, and thereafter propounded an order that would clearly illustrate to the parties which portion of these boat designs appellant could and could not use.
*827 Appellee’s argument that this is an interlocutory appeal, and that appellant could apply for further relief is nothing more than an admission of the validity of appellant’s contention. A fair reading of the order clearly indicated that the proceedings were terminated, and appellant relegated to his own devices to determine the extent and applicability of the injunction.
For the reason stated, the judgment appealed is reversed and remanded for proceedings consistent herewith.
Reversed and remanded.

. The manner of payment was different for the two agreements, but this is irrelevant for our purposes.