273 So.2d 441 (1973)
LOCAL 532 OF the AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, AFL-CIO, a Voluntary Unincorporated Association, et al., Appellants,
v.
CITY OF FORT LAUDERDALE, BROWARD COUNTY, Florida, a Municipal Corporation, Appellee.
No. 72-343.
District Court of Appeal of Florida, Fourth District.
February 21, 1973.
*442 Thomas A. Capelle, of Hardee, Hamilton, Douglas & Sierra, Tampa, for appellants.
Dean Andrews and Ronald B. Sladon, Fort Lauderdale, for appellee.
MAGER, Judge.
This is an appeal from a final judgment entered against Local 532, et al., plaintiffs below, and in favor of the City of Fort Lauderdale, defendant below. The plaintiff had filed a complaint seeking declaratory and injunctive relief to compel collective bargaining between the plaintiff-Local 532 and the defendant-City.
From a review of the record in this case we are of the opinion that the controversy between the parties as set forth in the pleadings and as reflected in the testimony is of such a nature as to necessitate the entry of a declaratory decree. Platt v. General Development Corporation, Fla. App. 1960, 122 So.2d 48; Sheldon v. Powell, 1930, 99 Fla. 782, 128 So. 258. See also State ex rel. Fraternal Order of Police, Orlando Lodge No. 25, et al. v. City of Orlando, 269 So.2d 402, Fourth District Court of Appeal, opinion filed November 22, 1972.
The final judgment does not dispose of the case on the basis that the cause was not a proper one for declaratory relief; on the contrary, the final judgment undertakes a disposition of the controversy but then falls short of resolving the questions presented. See Jacksonville Roofing Assoc. v. Local Union No. 435, Fla.App. 1963, 156 So.2d 416. In 92 Fla.Jur. Declaratory Actions § 56, it is stated:
"A declaratory judgment must clearly define the rights of the parties which are in controversy, and sufficient evidence must be received, and findings of fact made, to accomplish this. The judgment should not decide matters not presented for decision, but should decide all questions within the pleadings and properly before the court.
"The court's judgment in an action for declaratory relief may be either affirmative or negative in form. If the court finds against the contention of the plaintiff, it will, instead of dismissing the proceeding, render a judgment in favor of the contention of the defendant, consistent with the rights of the parties as determined."
The trial court, therefore, erred in entering final judgment for the defendant without a declaration of the rights of the parties.
In fashioning an order which will determine the rights of the respective parties the following comments may be helpful. The complaint seeks to have the court declare that Local 532 should be recognized by the City "as the authorized collective bargaining representative for all those employees of the defendant City who have so *443 designated Local 532"; and to direct the City to enter into collective bargaining discussions with Local 532 with respect to salaries and other terms and conditions of employment. In Dade County Classroom Teachers' Ass'n, Inc. v. Ryan, Fla. 1969, 225 So.2d 903, 905, 906, in commenting upon collective bargaining by public employees, under Section 6 of the Declaration of Rights, Florida Constitution, F.S.A., and F.S. § 839.221(2), F.S.A., the Supreme Court clearly held:
"... [T]hat with the exception of the right to strike, public employees have the same rights of collective bargaining as are granted private employees by Section 6.
"...
"... A delicate balance must be struck in order that there be no denial of the guaranteed right of public employees to bargain collectively with public employers without, however, in any way trenching upon the prohibition against public employees striking either directly or indirectly or using coercive or intimidating tactics in the collective bargaining process." (Emphasis added.)[1]
The aforementioned constitutional and statutory provisions establish a twofold proposition: the right of public employees to collectively bargain and the prohibition against strikes by public employees. The difficulty, however, lies not in the recognition of this principle but rather in its application. Invariably the factual circumstances are such, as in the instant case, where it sometimes seems impossible to maintain this so-called "delicate balance"; often times the result does not give the appearance that the delicate balance is being maintained but rather that the scale is being tipped in one direction or another.
Bearing in mind the importance of balancing these propositions within the contemplation of the constitution and statutes we make the following observations. Where an organization asserts the right to strike governmental bodies should not be compelled to recognize such organization as the bargaining organization for public employees. The guaranteed right of public employees to become members of labor organizations or to bargain collectively through such organizations does not mandate a governmental body to recognize such organization if the right to strike is a concomitant of such organization's existence. Public employees are prohibited from striking and prohibited from becoming members of organizations asserting a *444 right to strike; to compel governmental bodies to recognize organizations asserting a right to strike would disregard the spirit and letter of the law and would lead to an intolerable situation.
This observation is, we feel, consistent with the following language in Section 839.221(2): "All employees who comply with the provisions of this section ... shall have the right to present proposals relative to salaries and other conditions of employment through representatives of their own choosing. ..." An employee who participates in a strike or is a member of an organization which asserts a right to strike is not in compliance with Section 839.221; consequently, such employee, whether individually or through a labor organization, does not have the right to present proposals relative to salaries and conditions, i.e., collectively bargain, nor does such employee have the right to expect that a governmental body should recognize such proposals whether presented individually or through a labor organization.
The fact that a governmental body can discharge an employee by reason of membership in an organization asserting a right to strike or the fact that such an organization may be enjoined from striking does not deprecate the significance of the above quoted language appearing in Section 839.221(2) so as to preclude a governmental body from refusing to recognize an organization that asserts the right to strike.
It is important to point out that these comments are concerned primarily with the duty and responsibility of governmental bodies with respect to labor organizations which assert the right to strike.
A more difficult question is presented where the charter, by-laws or constitution of the labor organization is silent with respect to any assertion of the right to strike. (But see 059-164, Biennial Report of Atty. Gen. 1959-60, p. 241).
In the instant case the evidence does not clearly reflect whether the constitution, charter or by-laws contains affirmative language asserting the right to strike; however, the evidence does reflect that Local 532 supported a "walk off" by certain employee members which lasted for nine days. If the assertion of the right to strike clearly appears in the documents as aforementioned then the City would not be precluded from refusing to recognize Local 532 as a collective bargaining agent for public employee members. If, however, the aforementioned documents are silent but instead the conduct and activities of Local 532 reflect actions in furtherance of a strike, a determination of the status of Local 532 as a collective bargaining agent becomes more complex.
Query: If the enabling documents of a labor organization representing public employees contain no reference to the assertion of the right to strike but nonetheless such organization embarks on a course of conduct in furtherance of a strike by its public employee members, by its actions has such labor organization permanently forfeited its right to act as a collective bargaining agent for its public employee members and would a governmental body thusly be legally justified in refusing to recognize such organization as the collective bargaining representative for its public employee members?
The answer to this question surely puts to its strongest test the constitutional and statutory proposition of balancing the right of public employees to bargain collectively with the prohibition against public employees striking. Where labor organizations assert the right to strike the answer to the question is clear; where the situation is as outlined in the query, we feel that it is impossible to set down a hard-and-fast rule that would apply to all situations. The factual circumstances of each case would have to be analyzed and examined in order to ascertain the forfeiture vel non of a labor organization's right to collectively bargain on behalf of public employee *445 members. While circumstances would support a governmental body's refusal to recognize a labor organization which has encouraged a strike by public employees, at least during the period the organization has engaged in that wrongful activity, these same circumstances may preclude a governmental agency from permanently refusing to recognize such organization after the cessation of the wrongful activities.
We offer no categorical answer to this problem but rather a suggestion for a case by case evaluation of all facts and circumstances. This is what we would perceive would be undertaken by the trial court upon remand.
The trial court should ascertain whether the constitution, charter or by-laws of Local 532 contains affirmative language asserting the right to strike. Furthermore, the trial court should evaluate the conduct of Local 532 in supporting a "walk off" by certain employee members particularly in light of the action taken by the City in reinstating these employees; whether the City's action in reinstating such employees would operate to preclude a refusal by the City to recognize Local 532 as a bargaining agent for the affected employees.
Some of the problems presented in this appeal could in our view be avoided by the enactment of standards of guidelines regulating the right of collective bargaining by public employees of the state. See Dade County Classroom Teachers Ass'n v. Legislature of the State of Florida, Supreme Court of Florida Case No. 42,323 opinion filed November 8, 1972. See also Chapter 72-275 Laws of Florida, effective January 1, 1973.
In summary, we remand this cause to the trial court for the purpose of fashioning an order which will fully determine the rights of the respective parties, as reflected by the pleadings, with due consideration being given to such matters as: the character and status of Local 532 with respect to whether its charter, constitution or by-laws specifically asserts the right to strike; whether Local 532 is required to comply with the provisions of Chapter 447, Florida Statutes; the relationship of Local 532 to the American Federation of State, County and Municipal Employees insofar as such relationship may bear upon the question of the assertion of the right to strike; whether Local 532 should be precluded from acting as a bargaining agent where it has supported a "walk off"; whether the action by the City in reinstating its employees who participated in such walk off (while members of Local 532) precludes the City from refusing to recognize Local 532 as the bargaining agent for affected public employees.
Nothing herein is intended to preclude the trial court from taking further testimony, entering orders or making such other findings as deemed appropriate to the full disposition of the rights of the respective parties.
Reversed and remanded, with directions.
CROSS and OWEN, JJ., concur.
NOTES
[1] Section 6 of the Declaration of Rights reads as follows:

"Right to work.  The right of persons to work shall not be denied or abridged on account of membership or nonmembership in any labor union or labor organization. The right of employees, by and through a labor organization, to bargain collectively shall not be denied or abridged. Public employees shall not have the right to strike."
"839.221 Governmental officers and employees; prohibited participation in strikes or membership in organizations that assert right to strike against government employer. 
(1) No person shall accept or hold any office, commission or employment in the service of the state, of any county or of any municipality, who:
(a) Participates in any strike or asserts the right to strike against the state, county or any municipality; or
(b) Is a member of an organization of government employees that asserts the right to strike against the state, county or any municipality, knowing that such organization asserts such right.
(2) All employees who comply with the provisions of this section are assured the right and freedom of association, self-organization, and the right to join or to continue as members of any employee or labor organization which complies with this section, and shall have the right to present proposals relative to salaries and other conditions of employment through representatives of their own choosing. No such employee shall be discharged or discriminated against because of his exercise of such right, nor shall any person or group of persons, directly or indirectly, by intimidation or coercion, compel or attempt to compel any such employee to join or refrain from joining a vocational or a labor organization."