OWEN, Chief Judge.
This same cause was previously before the court, Local 532, American Fed. Emp. v. City of Fort Lauderdale, Fla.1973, 273 So.2d 441, and our prior opinion gives the necessary facts of the case. We reversed the final judgment and remanded to the trial court for the purpose of entering a new judgment which would fully determine the rights of the respective parties. Upon the going down of our mandate, the trial court entered a new final judgment in compliance with our directions and the plaintiffs, being again dissatisfied, have again appealed to this court.
In essence, the final judgment now appealed contained findings (1) that neither the charter of Local 532 nor the charter of the international union under which Local 532 was chartered expressly prohibited to its members the right to strike, (2) that the Local was not required to comply with the provisions of Chapter 447, Florida Statutes, F.S.A., (3) that Local 532 did instigate, cause and support an illegal strike among its members who were then employees of the City of Ft. Lauderdale by virtue of which the Local was precluded from acting as a bargaining agent for the public employees of the City of Ft. Lau-derdale, and finally, (4) that the action of the City in reinstating its employees who participated in such illegal strike did not preclude the City from refusing to recognize Local 532 as a bargaining agent for the affected public employees.
Appellants state that they take issue with the last two designated findings, yet their entire argument is devoted solely to the question of whether Local 532 is precluded from acting as a bargaining agent for the employees of the City of Ft. Lauderdale because of having instigated, caused and supported an illegal strike among its members who were City employees. We believe that all of the authorities relied upon by appellants are inapposite because (1) they deal with labor relations in private industry where the right to strike is not pro *106 hibited, and (2) they deal with situations where the employer has been required, after termination of an illegal strike, to negotiate and bargain in good faith with a labor organization which had already been recognized as the collective bargaining agent for the employees, whereas in the instant case the real issue is whether the labor organization is qualified to be recognized initially as such collective bargaining agent.
In the opinion on the first appeal, 273 So.2d 441, we stated, at page 443:
“Where an organization asserts the right to strike governmental bodies should not be compelled to recognize such organization as the bargaining organization for public employees.”
The charter of Local 532 did not prohibit to its members the right to strike. It simply contained no reference to the assertion of the right to strike. The factual finding that it did instigate, cause and support an illegal strike by its members adequately sustains the conclusion that Local 532 does, indeed, assert the right to strike. This being established, it follows that the trial court properly refused to recognize Local 532 as the bargaining agent for the employees of the appellee-City.
But, appellants contend, even if Local 532 does assert the right to strike, it should not be refused recognition as the bargaining agent because such sanction goes beyond the only two remedies available to the public employer, i. e., it can dismiss the employee for violation of F.S. Section 839.221, F.S.A., or it can obtain an injunction to restrain a strike of its employees as was approved in Pinellas County Classroom Teachers Association, Inc. v. Board of Public Instruction of Pinellas County, Fla.1968, 214 So.2d 34. In our prior opinion we concluded, whether rightly or wrongly, that the existence of these two available remedies did not preclude the right of a governmental body to refuse to recognize an organization that asserts the right to strike (273 So.2d 441, at page 444), and thus, consistently, we reject appellants’ contention.
While appellants view the appealed judgment as having the effect of permanently foreclosing the right of Local 532 to act as a collective bargaining representative on behalf of its public employee members, appellee contends, and we agree, that the judgment is declaratory of the respective rights of the parties on the basis of the [clearly implied] finding that Local 532 asserted the right to strike. We do not view the judgment in this case as precluding Local 532 from subsequently seeking to be recognized as the collective bargaining agent for its public employee members when it is in a position to affirmatively show in an unequivocal manner that it does not assert the right to strike. As thus viewed, the judgment is affirmed.
Affirmed.
WALDEN and DOWNEY, JJ., concur.