QUESTIONS: 1. May an employee organization register at this time with the Public Employees Relations Commission as provided in s. 447.008, F.S.? 2. Prior to January 1, 1975, or prior to the adoption of rules and regulations by the commission, whichever is first, may an employee organization be certified by the commission and may the commission seek injunctive relief against any employee organization which is not properly registered? 3. If the answer to question 2 is in the negative, may employee organizations continue to collectively bargain and to represent public employees under s. 839.221, F.S., until January 1, 1975, or until administrative rules and regulations are adopted by the commission, whichever is first?
SUMMARY: Employee organizations may register at this time with the Public Employees Relations Commission as provided in s. 447.008, F.S., created by Ch. 74-100, Laws of Florida, even though the commission has not as yet prescribed certain forms referred to in s. 447.008. However, prior to January 1, 1975, or prior to the adoption of administrative rules and regulations by the commission, whichever is first, the commission may not certify any employee organizations or seek injunctive relief against nonregistered employee organizations. Until January 1, 1975, or until administrative rules and regulations are adopted by the commission, whichever is first, employee organizations may continue to collectively bargain under and pursuant to s. 839.221, F.S., except for the right to strike. Cf. Art. I, s. 6, State Const. Collective bargaining is commonly defined as bargaining by an organization or group of employees, in behalf of its members, with the employer. [See] 31 Am. Jur. Labor s. 85. The Florida Constitution provides that: "The right of employees, by and through a labor organization, to bargain collectively shall not be denied or abridged. Public employees shall not have the right to strike." Article I, s. 6, State Const. The right of public employees to bargain collectively has been recognized by the Florida courts as a constitutionally protected right which may be enforced by the courts if not protected by other agencies of government and if no proper guideline for the protection of this right has been enacted by the legislature. See Dade County Classroom Teachers Association, Inc. v. Legislature, 269 So.2d 684
(Fla. 1972); Local 532 of Am. Federation of State, County and Municipal Emp., AFL-CIO v. City of Ft. Lauderdale, Broward County, Florida, 273 So.2d 441 (4 D.C.A. Fla., 1973); cf., AGO 070-101. Therefore, with the exception of the right to strike, public employees have had the same right of collective bargaining as is granted private employees by the State Constitution. See s. 839.221, F.S., repealed by s. 7, Ch. 74-100, Laws of Florida, effective January 1, 1975, or at such time as the rules and regulations of the Public Employees Relations Commission are adopted, whichever is first. Also see s. 447.03, F.S., and AGO 066-46. However, it was not until the 1974 Session of the Legislature that a collective bargaining law for public employees was enacted as Ch. 74-100, Laws of Florida (ss. 447.001-447.023, F.S.). The questions which you have raised relate solely to certain requirements and provisions of Ch. 74-100, and, therefore, this opinion should not be construed to in any way apply to the right of public employees to collectively bargain under Art. I, s. 6, State Const., but rather should be deemed to apply only to the exercise of that right under and pursuant to Ch. 74-100 upon its taking effect as hereinafter discussed. AS TO QUESTION 1: Section 447.008, F.S., created by Ch. 74-100, Laws of Florida, provides in subsection (1) that: Every employee organization, prior to requesting recognition by a public employer for purposes of collective bargaining or prior to submitting a petition to the Commission for purposes of requesting a representation election, shall adopt a constitution and by-laws and shall register with the Commission by filing a copy thereof, together with an annual report in a form prescribed by the Commission . . . which shall include: (a) The name and address of the organization and of any parent organization or organization with which it is affiliated; (b) The names and addresses of the principal officers and all representatives of the organization; (c) The amount of the initiation fee and of the monthly dues which members must pay; (d) The current annual financial statement of the organization; (e) The name of its local agent for service of process and the address where such person can be reached; and (f) A pledge, in a form prescribed by the Commission, that the employee organization will conform to the laws of the State and that it will accept members without regard to age, race, sex, religion, or national origin. Subsection 447.008(1), F.S., took effect on July 1, 1974, as did subsections 447.008(2), (3), (4), and (5). See s. 9, Ch. 74-100, Laws of Florida. Section 447.008(1) requires an "annual report in a form prescribed by the Commission" to be filed with the commission, along with a copy of the employee organization's constitution and bylaws, upon registration with the commission. Such "annual report" is to include the information set forth in paragraphs (a) through (f) of s. 447.008(1), including a pledge, "in a form prescribed by the Commission," as specified in paragraph 447.008(1)(f). The first question is basically whether an employee organization may register with the commission at this time under the provisions of subsection 447.008(1), F.S., which took effect on July 1, 1974, even though the commission has not as yet prescribed the forms referred to therein. It is my opinion that employee organizations may register with the commission at this time since s. 447.008(1) sets forth in detail the information which must be included in the annual report which is filed, along with a copy of the employee organization's constitution and bylaws, at the time of registration and which filing is the mode prescribed by the statute to effect such registration. The adoption of the forms to be prescribed by the commission is a ministerial action or function which is not by the statute made a condition precedent to registration, and the failure to prescribe such forms does not delay or suspend the operative efficacy of s. 447.008(1). Unless and until the commission by appropriate action fixes a registration fee of lesser amount than the maximum amount set forth in s. 447.008(3), any employee organization so registering with the commission should pay to the commission a registration fee of fifteen dollars at the time it registers by filing its annual report and copy of its constitution and bylaws with the commission. Question 1 is therefore answered in the affirmative. AS TO QUESTION 2: Certification of employee organizations by the commission is provided for in s. 447.009, F. S., created by Ch. 74-100, supra. Injunctive relief may be sought by the commission pursuant to subsection (6) of s. 447.008, F.S., created by Ch. 74-100, against any employee organization which is not properly registered with the commission and which requests recognition by a public employer or which requests a representation election. According to s. 9, Ch. 74-100, supra, these two provisions (ss. 447.008(6), 447.009, F.S.) take effect on January 1, 1975, "or at such time as the administrative rules and regulations of the Commission have been adopted, whichever is first." Since the commission has not yet adopted its rules and regulations, these provisions have not taken effect. A statute is effective as law only when it becomes operative, and has not, ex proprio vigore, any force for any purpose until, by its terms, it takes effect. Attorney General Opinion 067-49. Therefore, while employee organizations may register at this time with the commission (as discussed in question 1 above), they may not be certified, nor may the commission seek an injunction against any organization which is not registered prior to January 1, 1975, or prior to the adoption of administrative rules and regulations, whichever is first. Question 2 is therefore answered in the negative. AS TO QUESTION 3: Section 7, Ch. 74-100, Laws of Florida, provides that s. 839.221, F.S., is repealed and s. 9, Ch. 74-100 provides that said repeal shall take effect January 1, 1975, or at such time as the administrative rules and regulations of the commission are adopted, whichever is first. Therefore, at this time s. 839.221 remains in full force and effect and provides in subsection (2) that: All (governmental) employees who comply with the provisions of this section are assured the right and freedom of association, self-organization, and the right to join or to continue as members of any employee or labor organization which complies with this section, and shall have the right to present proposals relative to salaries and other conditions of employment through representatives of their own choosing . . . In construing this statutory provision and also that of Art. I, s. 6, State Const., the Fourth District Court of Appeal in 1973 held that except for the right to strike, public employees do have the right to collectively bargain. Local 532 of Am. Federation of State, County and Municipal Emp., AFL-CIO v. City of Ft. Lauderdale, Broward County, Florida, supra; also see AGO 070-101.
Therefore, a right to collectively bargain under s. 839.221, F. S., will continue to exist until this section is repealed by force of, and as provided in, ss. 7 and 9, Ch. 74-100, supra. Question 3 is therefore answered in the affirmative. In conclusion, it should be pointed out that s. 3 of Ch. 74-100, Laws of Florida, purported to create a new part II to chapter 447, F.S. In so doing, ss. 447.001-447.023 were created. However, the Statutory Revision and Indexing Division of the Joint Legislative Management Committee has found it necessary, because of already existing subsections in chapter 447, to renumber these sections created by Ch. 74-100. At this time a reviser's bill is being prepared by the division for presentation at the 1975 Legislature, and it appears that ss. 447.004, 447.008, and 447.009 will be renumbered as ss. 447.207,447.305, and 447.307, F.S., respectively.