ANSTEAD, Chief Judge.
The former husband brings this appeal from a final judgment denying his petition for modification of alimony. The threshold issue at trial was whether the parties’ separation agreement was a genuine property settlement agreement, not subject to modification, or whether its support provision was severable and therefore subject to modification. In its order denying relief the trial court did not specify whether the petition was being denied because the agreement was not subject to modification or, rather, because even though the agreement was subject to modification, the appellant had failed to establish a case for modification. On appeal the husband claims the trial court was wrong in either event, and, of course, the wife claims the trial court was right in either event.
Although we have never imposed a strict requirement that trial courts make written findings of fact, this case represents the perfect example of a case where effective appellate review is made impossible by the absence of specific findings. We could, of course, speculate that the trial court concluded that the agreement was not subject to modification and then review the correctness of that decision. In that event, and, if we agreed with that decision, we would not even address the issue as to the sufficiency of the husband’s proof as to modification. On the other hand, if the trial judge determined that the agreement was not subject to modification he would not even have addressed the sufficiency of the husband’s evidence. However, if we knew that, and subsequently, we were to determine that the agreement was subject to modification, we would remand to the trier of fact to determine the implications of the evidence, not take it upon ourselves to try the issue just because the case was here. Under our system of civil justice the trier of fact must resolve the disputed issue of whether modification is justified. We are limited to reviewing the propriety of that decision.
We simply do not know what the trial judge did, and, not knowing, do not believe we can properly address the issues raised on appeal. Under these circumstances we think the most appropriate thing to do is to request the trial court to specify the grounds for its ruling.
Accordingly, we hereby relinquish jurisdiction to the trial court for a period of thirty days and direct that the trial court enter an amended final judgment reflecting the basis of its decision. Upon receipt of the amended judgment we will be in a position to complete our review.
HURLEY, J., concurs specially with opinion.
WALDEN, J., dissents with opinion.