PER CURIAM.
Appellant, Agricultural Land Services (ALS), appeals a final order issued by the Department of Transportation (DOT), denying its application for certification as a disadvantaged business enterprise (DBE). We affirm, because ALS failed to prove that a disadvantaged individual owned more than 51 percent of the business in the manner required by chapter 14-78 of the Florida Administrative Code.
Rachel Lines owns 60 percent of ALS, and her husband, Bobby Lines, 40 percent. Mrs. Lines qualifies as a “disadvantaged individual” under Florida Administrative Code Rule 14-78.002(18)(a)(6), because she is a woman. ALS applied for certification as a DBE, which refers to a small business concern in which a disadvantaged individual owns a majority interest and manages and controls the company’s daily operations. F.A.C. 14-78.002(9). The rules further require that the disadvantaged individual own and control the business in both form and substance, in an *298 amount that correlates with the percentage of stock ownership, consistent with certain federal regulations. F.A.C. 14-78.005. Specifically, under rule 14-78.005(7)(f), an applicant must prove that his or her majority interest is real and substantial, rather than merely pro forma, by documenting a contribution of capital or of expertise:
1. In order for expertise to be utilized to substantiate stock ownership, the applicant must be able to calculate and verify the dollar value of such expertise and establish that the dollar value correlates to the value of the interest acquired; and establish that such expertise was actually contributed.
2. Contributions of capital may be considered in the form of payment for stock, conversion of liabilities or contributions of cash or other assets. For the purposes of the DBE program these sources of capital contributions are considered investments in the business and as such cannot be considered loaned to the company.
ALS failed to meet its burden under this provision.
ALS contends that the proceeds of three personal loans that Rachel Lines put into the business constitute capital investments. The administrative law judge (ALJ) did not decide in the recommended order that the loans were capital contributions under the rule, but instead determined that Mrs. Lines’ experience, education, and daily operation of the business exceeded her husband’s, and that her ability to obtain the loans was a resource that she — not her husband — was able to provide. The ALJ thereupon concluded that these factors establish that her 60 percent ownership interest was real and substantial. We affirm DOT’s decision rejecting these conclusions of law and denying the application.
Contributions in the form of education, experience, daily operation, and ability to obtain loans constitute expertise. ALS, however, did not attempt to prove that Rachel Lines contributed expertise to the business commensurate with her 60 percent interest, pursuant to rule 14 — 78.005(f)(1). Moreover, the ALJ properly concluded that these contributions were not capital contributions, as required by rule 14-78.005(f)(2). Therefore, ALS failed to establish that Rachel Lines’s 60 percent ownership was real and substantial pursuant to either provision.
Rule 14-78.005(7)(c)(l) provides that when disadvantaged and non-disadvantaged family members jointly and mutually handle a firm’s “duties, responsibilities and decision-making,” or divide the managerial and operational tasks, it cannot be concluded that the disadvantaged owner controls the business. It was therefore crucial for a family business like ALS to quantify concretely how Mrs. Lines exercises majority control. This was not done.
ALS finally contends that DOT erred in considering United States Department of Transportation decisions while determining this case. The agency, however, was required by rule 14-78.005(13) to consider such decisions, and ALS did not challenge the validity of this provision below.
AFFIRMED.
ERVIN and BOOTH JJ., concur.
BENTON J., concurs in result.