LEWIS, J.
Featured Properties, LLC, Appellant, appeals the trial court’s final judgment awarding BLKY, LLC, Appellee, $377,555.56 in damages. Because the trial court failed to state the basis for its ruling and to include factual findings in its order, we are unable to conduct a meaningful appellate review. Accordingly, we reverse and remand for the trial court to enter an amended final judgment reflecting the basis of its decision and to make factual findings pertinent to that ruling.
In 2005, BLKY entered into four contracts with Featured Properties in which BLKY agreed to sell and Featured Properties agreed to buy four units located in a townhome development. Each of the contracts contained a “Brokers” section, which identified Price Morgan, LLC, as the “Selling Firm” and “Selling Sales Associate,” and Ken Yates as the “Listing Sales Associate” from ERA Neubauer Real Estate, Inc., the “Listing Firm.” In addition to acting as the listing sales associate for the properties at issue, Yates was a principal and part owner of BLKY when the contracts were executed. The contracts did not contain a written disclosure divulging Yates’ ownership interest, and no other written disclosure provided this information.
After the closings on the four units did not occur, BLKY sued Featured Properties for damages for breach of contract. In its answer, Featured Properties argued that it had the right to void the contracts because Yates failed to disclose his “significant ownership interest” in BLKY while acting as the listing agent for the properties. Featured Properties counterclaimed for rescission based on the same theory.
When the case proceeded to an eviden-tiary hearing, the parties agreed that the only issue was whether Yates had acted as an undisclosed dual agent by undertaking fiduciary obligations to both Featured Properties and BLKY without disclosing his ownership interest in the latter company to the former company. At the close of the hearing, BLKY argued, among other things, that Featured Properties waived its ability to void the contracts because even after it was informed of Yates’ ownership interest six or seven months after the contracts were executed, Featured Properties did not attempt to cancel the contracts. After the trial judge inquired whether there were “any cases that talked about estoppel,” Featured Properties interjected, maintaining that the parties had not “been confronted with any issues of estoppel or waiver.” After the hearing, the parties submitted written arguments addressing waiver and estoppel.
In its judgment awarding BLKY $377,555.56 in damages, the trial court did not articulate a legal basis for its ruling. Specifically, the court did not indicate *137 whether BLKY was the prevailing party because Yates was not an undisclosed agent or, rather, because even if Yates was an undisclosed dual agent, Featured Properties had either waived its right to void the contract or was estopped from rescinding the same. Additionally, as Featured Properties noted in its motion for rehearing, the trial court’s judgment did not include findings of fact. After the motion for rehearing was denied, this appeal followed.
Featured Properties raises two issues on appeal. First, Featured Properties argues that the trial court’s failure to make factual findings on the dual agency issue precludes this Court from conducting a meaningful appellate review. In the absence of such findings, Featured Properties maintains that it is unclear whether the trial court relied on the dual agency inquiry or the affirmative defenses of waiver and es-toppel in ruling in BLKY’s favor. Under these circumstances, Featured Properties asserts that remand is required. Second, Featured Properties argues that if the trial court based its order on the affirmative defenses of waiver or estoppel, reversal is warranted because these defenses were neither pled nor tried by consent. Given that the legal grounds upon which the trial court relied are unclear, this inquiry is not ripe for review. See D & M Jupiter, Inc. v. Friedopfer, 853 So.2d 485, 489 (Fla. 4th DCA 2003) (“[S]ince the initial determination of whether there was a fraudulent misrepresentation has yet to be resolved, this issue is not ripe for review.”). Thus, we proceed only to address the first issue.
“Sitting as an appellate court, we are precluded from making factual findings ourselves in the first instance.” Douglass v. Buford, 9 So.3d 636, 637 (Fla. 1st DCA 2009); Farneth v. State, 945 So.2d 614, 617 (Fla. 2d DCA 2006) (“A fundamental principle of appellate procedure is that an appellate court is not empowered to make findings of fact.”). Relatedly, we “cannot employ the tipsy coachman rule where a lower court has not made factual findings on an issue and it would be inappropriate for an appellate court to do so.” Bueno v. Workman, 20 So.3d 993, 998 (Fla. 4th DCA 2009). Instead, “[w]here ... orders do not contain sufficient findings of fact ..., appellate courts typically deem them incapable of meaningful review and they remand with directions to the issuing courts to make the necessary findings.” In re Doe, 932 So.2d 278, 283 (Fla. 2d DCA 2005) (citation omitted); see also Douglass, 9 So.3d at 637 (quoting Doe for this proposition in a case involving the construction of a contract).
Even where factual findings are not required by a procedural rule, statute, or other authority, remand may be appropriate where “effective appellate review is made impossible by the absence of specific findings.” Shaw v. Shaw, 445 So.2d 411, 412 (Fla. 4th DCA 1984). In Shaw v. Shaw, the Fourth District considered the propriety of the trial court’s order denying the former husband’s petition for modification of alimony. Id. There, the threshold issue at trial was whether the parties’ separation agreement was a genuine property settlement agreement not subject to modification or, alternatively, whether its support provision was severable and subject to modification. Id. In its order denying the former husband’s requested relief, the trial court “did not specify whether the petition was being denied because the agreement was not subject to modification or, rather, because even though the agreement was subject to modification, the appellant had failed to establish a case for modification.” Id. On appeal, the Fourth District concluded that Shaw “represents the perfect example of a case where effective appellate review is made impossible by *138 the absence of specific findings.” Id. After declining to speculate as to the legal basis for the trial court’s ruling, the Shaw court reasoned that because the trier of fact was charged with “resolv[ing] the disputed issue of whether modification [was] justified” and the appellate court was “limited to reviewing the propriety of that decision,” the trial court’s failure to articulate the legal basis for its ruling precluded meaningful appellate review. Id. (“We simply do not know what the trial judge did, and, not knowing, do not believe we can properly address the issues raised on appeal.”). Consequently, the Fourth District reversed and remanded with instructions for the trial court to enter an amended final judgment “reflecting the basis of its decision.” Id.
Here, as in Shaw, the trial court did not articulate the legal basis for its ruling. Thus, it is unclear whether the trial court determined that Yates was an undisclosed dual agent or, alternatively, whether the affirmative defenses of waiver and estoppel precluded Featured Properties from prevailing irrespective of the determination on dual agency. See Shaw, 445 So.2d at 412 (explaining how either of two legal grounds could have supported the trial court’s ruling). Review of the trial court’s order is additionally compounded by the court’s failure to make factual findings. See Bueno, 20 So.3d at 998 (explaining that an appellate court cannot use the tipsy coachman rule where the trial court has not made factual findings). Because we cannot make factual findings in the first instance on the distinct issues of dual agency, waiver, and estoppel, and because we decline to speculate as to the legal basis for the trial court’s ruling, we are unable to engage in meaningful appellate review. Consequently, we reverse and remand with instructions for the trial court to enter an amended final judgment reflecting the basis of its decision, Shaw, 445 So.2d at 412, and to make factual findings pertinent to that ruling, Douglass, 9 So.3d at 637.
REVERSED and REMANDED with directions.
DAVIS and WETHERELL, JJ., concur.