DAMOORGIAN, J.
Appellants David and Scott Reed appeal from a final judgment in a declaratory action which determined, in relevant part, the parties’ respective interests in Natural Resources Development Corporation (hereinafter the “corporation”). We affirm in part, and reverse and remand in part, for further proceedings consistent with this opinion.
By way of background, Charles Douglas Reed formed a Florida corporation in 1979 with the assistance of his attorney. The Articles of Incorporation authorized the issuance of 7,500 shares of common stock and listed the attorney as the registered agent, initial incorporator, and sole director of the corporation. In the early months of 1980, three parcels of land in Tennessee were conveyed in fee simple to the corporation. Claude and Lora Reed owned two of the properties jointly.[1] Claude and Charles Douglas Reed owned the third property jointly.
In July of 1980, Charles Douglas Reed disappeared from his last known domicile *950 in Florida, and the corporation was administratively dissolved in late 1980. A year after his son’s disappearance, Claude Reed contacted his son’s attorney and granted him a limited power of attorney to assign the 7,500 shares of the corporation to his daughter, Appellee Rachel Honoshofsky. The attorney executed the assignment at Claude Reed’s request.
After the assignment and throughout the years, Appellee paid the property taxes on the Tennessee properties and shared the maintenance payments on the properties with her father Claude Reed. In 1999 after the death of her father, Appellee, signing as “president” of the corporation, transferred the three Tennessee properties to herself with a life estate to her mother Lora Reed.[2] At some point before the commencement of the underlying proceedings, Lora Reed also passed away.
In 2004, David, Reed successfully sought an order establishing the death of his father Charles Douglas Reed. In 2005, Appellants filed a petition to quiet title to the three Tennessee properties, challenging Appellee’s 1999 transfer of the properties to herself as “president” of the corporation. The Tennessee court deferred to the Florida courts on the question of whether Appellee had the authority to act on behalf of the Florida corporation in transferring the real property. Accordingly, in 2006, Appellants sought declaratory relief in Florida to determine ownership rights in the corporation.
The declaratory action in Florida proceeded to a non-jury trial, and was followed by the trial court’s entry of a final judgment. Among other things, the final judgment determined Appellee did not have the authority to transfer the Tennessee properties to herself, and Charles Douglas Reed, Claude Reed, and Lora Reed made capital contributions to the corporation in the form of the Tennessee properties. It then determined the respective interests of these three individuals in the corporation according to those contributions. The trial court found Charles Douglas Reed had a 25% interest, Claude Reed had a 50% interest, and Lora Reed had a 25% interest, and it divided the shares according to each individual’s percentage interest.
Explaining this part of its decision at the conclusion of the non-jury trial, the trial court stated:
[W]e have a property contributed by Claude and Charles Reed who each owned 50 percent interest, and Claude and Lora Reed owning 50 percent interest in their properties. If you work that out, you’ll find that Claude obviously is on two of those transfers. Therefore, he is entitled — You have basically four people, one of them being the same person to go in. Doing the math very quickly, you’ll find that Claude has a 50 percent interest, Lora 25 percent, and Charles [Douglas] Reed 25 percent capital contribution interest in this corporation.
On appeal, Appellants contest this portion of the final judgment, which divided the interests in the corporation. They contend the trial court erred in its declaration of the respective interests in the 7,500 shares of the corporation. In so arguing, Appellants make four arguments. First, they point to the Articles of Incorporation, which state that shareholders “shall have preemptive rights.” They submit that Florida law does not allow for preemptive rights with respect to shares issued for consideration other than money. *951 § 607.0630(2)(c)5., Fla. Stat. (2006). Therefore, the shares issued by the trial court pursuant to the real property conveyances contradict the Articles of Incorporation. Second, they submit there was no competent substantial evidence that any of the real property conveyed to the corporation was a capital contribution. Third, they maintain the trial court’s declaration of proportionate ownership based on the property transferred to the corporation is wrong as a matter of law, arguing the evidence established Charles Douglas Reed as the only person with an ownership interest in the corporation. Fourth, they assert that even the trial court’s count of grantors’ names on the warranty deeds is wrong. Appellee responds that the court’s declaration was in accordance with Florida law and the Articles of Incorporation.
Our court has recognized that a trial court’s decision in a declaratory judgment action is accorded a presumption of correctness. See Royal Oak Landing Homeowner’s Ass’n v. Pelletier, 620 So.2d 786, 788 (Fla. 4th DCA 1993). A trial court’s findings of fact in a declaratory judgment action will be upheld if supported by competent substantial evidence. McAllister v. Breakers Seville Ass’n, 981 So.2d 566, 570 (Fla. 4th DCA 2008). Finally, where a trial court’s conclusions following a non-jury trial are based upon legal error, the standard of review is de novo. Acoustic Innovations, Inc. v. Schafer, 976 So.2d 1139 (Fla. 4th DCA 2008).
We do not agree with Appellants’ first contention that the trial court’s division of interests in the corporation conflicts with the Articles of Incorporation. This argument has no merit and is irrelevant to the validity of the final judgment in this case. Telling is Appellants’ failure to supply any authority to support its argument regarding preemptive rights. Section 607.0630(2)(c)5. provides: “There is no preemptive right with respect to: [s]hares issued for consideration other than money.” In the instant case, the statement in the Articles of Incorporation that shareholders “shall have preemptive rights” is trumped by section 607.0630(2)(c)5. Because the trial court divided the interests in the shares based on real property contributions, section 607.0630(2)(c)5. is inapplicable and the provision in the Articles of Incorporation regarding preemptive rights was not implicated.
Next, we do not agree with Appellants’ second contention that there was a lack of evidence to support the finding that the real property conveyances were capital contributions. See Muben-Lamar, L.P. v. Dep’t of Revenue, 763 So.2d 1209, 1210 (Fla. 1st DCA 2000) (discussing capital contributions made in the form of real property). Competent substantial evidence existed to support the trial court’s determination that the transfers were capital contributions based upon the actual transfer of title from the individuals to the corporation without consideration.
Appellants also contend that a ruling on proportionate ownership is outside the scope of the relief requested. We find no merit to this argument. The complaint seeking declaratory relief asked the trial court to determine ownership rights in the corporation. The final judgment did just that. See Local 532 of the Am. Fed’n of State, County, and Mm. Employees, AFL-CIO v. City of Fort Lauderdale, 273 So.2d 441, 442 (Fla. 4th DCA 1973) (“ ‘A declaratory judgment must clearly define the rights of the parties which are in controversy. ... The judgment should not decide matters not presented for decision, but should decide all questions within the pleadings and properly before the court.’ ”) (citation omitted).
Next, Appellants assert that the court’s determination of proportional ownership *952 based on the transfer of real property to the corporation is wrong as a matter of law. We disagree. Appellants’ reliance on Anson v. Anson, 772 So.2d 52 (Fla. 5th DCA 2000) is misplaced. Anson involved a dissolution of marriage. See id. at 53. In Anson, the Fifth District addressed whether the appreciation in the husband’s capital stock was a marital asset, which has no relevance to the trial court’s determination of ownership in the corporation here. Id. at 55. Here, the trial court properly determined ownership in the corporation based on the evidence before it, as requested by the parties. Cf. Agrie. Land Servs., Inc. v. State, Dep’t of Transp., 715 So.2d 297, 297-98 (Fla. 1st DCA 1998) (analyzing ownership interest in a business for the purpose of acquiring certification as a disadvantaged business enterprise based in part on “contributions of capital”).
Finally, Appellants point out that the trial court’s calculation of percentage ownership constituted error. The trial court divided the interests in the corporation between Claude (50%), Lora (25%) and Charles Douglas (25%) based upon their real property contributions. We agree that the court’s calculation does not match up with the percentages of ownership in the three properties contributed. Accordingly, we remand for the trial court to recalculate the interests while taking into consideration each party’s respective interests in the three properties. We affirm all other aspects of the final judgment.

Affirmed in Part, Reversed in Part and Remanded.

CIKLIN and LEVINE, JJ., concur.

. Claude and Lora Reed are the parents of Charles Douglas Reed and Appellee Rachel Honoshofsky.

. There was no evidence that the corporation ever established officers. However, in 2008, Appellee reinstated the corporation and named herself president pursuant to the advice of her attorney.