PER CURIAM.
Bluegreen Vacations Unlimited, Inc., (“Bluegreen”) appeals from a final judgment ruling that it, as the purchaser, breached a contract for the purchase of land by terminating the contract without a proper basis for doing so. Some of the trial court’s oral pronouncements suggest that it concluded, as a matter of law, that Bluegreen was required to obtain a decision from the City Council on its application for a development order in order to fulfill its obligation under the contract to seek governmental approval of its anticipated development and preserve its right to terminate the contract if the governmental approval was denied. We do not interpret the contract as imposing such a requirement. The contract required Blue-green to exercise good faith and due diligence in seeking governmental approvals with requirements that were acceptable to Bluegreen, acting reasonably. To determine, factually, whether Bluegreen did so, the trial court was required to- consider the entire application process. While we recognize that there may be sufficient evidence in the record to support a finding that Bluegreen failed to meet its obligations under the contract, we are not certain whether the trial court’s ruling was based on a consideration of the entire application process or whether it stemmed from undue emphasis on the endpoint of the process without regard to other factors. Because it is unclear whether the trial court’s ultimate finding of breach was colored by a misinterpretation of the contract, we cannot affirm based on the evidence that would support that finding under a proper construction. See Featured Properties, LLC v. BLKY, LLC, 65 So.3d 135, 138 (Fla. 1st DCA 2011) (noting this Court’s lack of authority to make factual findings in the first instance). As a result, we reverse and remand for clarification and further proceedings. Cf. WSOS-FM, Inc. v. Hadden, 951 So.2d 61, 64 (Fla. 5th DCA 2007). If the trial court’s first ruling was based on a misinterpretation of the contract, as construed in this opinion, the court may reconsider the result.
REVERSED and REMANDED.
WOLF, RAY, and MAKAR, JJ., concur.