On Appellee’s Motion For Rehearing And/Or Reconsideration
STONE, BARRY J., Senior Judge.
We grant appellee’s motion for rehearing and/or reconsideration, withdraw our opinion dated December 5, 2012, and substitute the following in its place.
Final judgment was entered in favor of Essex Insurance Company in a dispute over insurance coverage in this action for declaratory judgment and breach of contract. The judgment contained no findings *209 of fact, conclusions of law, or other indication of the basis for the trial court’s ruling.
The claim arose out of an accident while the Porsche sports car in question was driven off premises by Dennis Kennedy, the owner of Exotic Motorcars, the insured luxury sports car dealership. It is undisputed that Exotic’s automobile inventory was insured by the Essex policy.
The Porsche was obtained by Exotic from a California wholesale dealer, iLux. Although it is disputed whether Exotic proved that it received a signed title certificate, it did receive a bill of sale and invoice, and placed the car on its showroom floor. It is also undisputed that two days later a buyer from Exotic signed a purchase contract for the Porsche with a $5,000 deposit.
Kennedy testified that at the time of the accident he was en route to have the car inspected by another dealer with a planned pick up by the buyer following the inspection. Essex disputes the purpose for which the car was being driven, thereby negating coverage.
Essex also contends that there is no coverage because the Porsche was not a “covered vehicle” under the policy terms because, under Florida law, Exotic did not hold “title” on the date of the collision. The policy defines a “covered vehicle” as a “titled vehicle held by [Exotic] for sale at a location scheduled on the Declarations .... ” (Emphasis added).
We recognize that there are Florida Statutes mandating that dealers acquire certificates of title and to file dealer reassignment forms. See, e.g., §§ 319.22, 319.23 & 320.27, Fla. Stat. (2010). Whether Exotic had complied with these statutes, however, is not controlling as to whether this was a “titled” vehicle within the meaning of the policy. The policy explicitly grants coverage to “titled” vehicles.
We conclude that the Porsche was a titled vehicle; being one, even as in part acknowledged by Essex claims-manager, that can be licensed for road use. Even were the words “titled vehicle” to be deemed susceptible of more than one interpretation, the words must be read in accordance with their ordinary meaning and, in any event, any ambiguity construed against the insurer. Harrington v. Citizens Prop. Ins. Corp., 54 So.3d 999, 1001 (Fla. 4th DCA 2010).
In this case, there were several grounds upon which the trial court might have found for Essex. On one of those, whether there was policy coverage for the vehicle because it was a “titled” vehicle, we conclude that Exotic was entitled to prevail. However, as to the remaining grounds, the issues were of fact and the evidence was conflicting or subject to differing interpretations.
In cases where, as here, orders on review cannot be resolved without meaningful findings, effective ■ review may be deemed impossible and the cause remanded for findings, notwithstanding that such findings may not be mandated by rule or statute. See Featured Props., LLC v. BLKY, LLC, 65 So.3d 135, 137 (Fla. 1st DCA 2011). This may particularly be the case where the action is one for declaratory relief. See Local 532 of the Am. Fed’n of State, Cnty. & Mun. Emps. v. City of Fort Lauderdale, 273 So.2d 441 (Fla. 4th DCA 1973).
Because the grounds upon which the court found for the insurer do not appear and it is possible that the trial court may have found for the insurer because the court concluded that the Porsche was not a “titled” vehicle, we find the judgment incapable of meaningful review. Accordingly, we reverse and remand for the trial court to enter an amended final *210 judgment and to make findings accordingly-

Reversed and Remanded.

WARNER and STEVENSON, JJ., concur.