# Third District Court of Appeal

## State of Florida

Opinion filed December 21, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-752
Lower Tribunal No. 14-11709
_____

## Trump Endeavor 12, LLC,

Appellant,

vs.

## Florida Pritikin Center, LLC,

Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jose M. Rodriguez, Judge.

Russomanno & Borrello and Herman J. Russomanno, Robert J. Borrello and Herman J. Russomanno III; Bruce S. Rogow, P.A. and Bruce S. Rogow and Tara A. Campion (Ft. Lauderdale), for appellant.

Kluger, Kaplan, Silverman, Katzen & Levine, P.L. and Alan J. Kluger, Philippe Lieberman and Richard I. Segal, for appellee.

Before SHEPHERD, FERNANDEZ and LOGUE, JJ.

FERNANDEZ, J.

Trump Endeavor 12, LLC appeals a Final Judgment for declaratory relief in favor of Florida Pritikin Center, LLC. Trump contends that the Final Judgment

and the incorporated Amended Joint Verdict Form were void of any findings of facts and/or conclusions of law. We agree and thus reverse.

In March 2009, Florida Pritikin Center, LLC and the former owners of the Doral Resort and Spa entered into a Lease Agreement granting Pritikin the exclusive right to use and occupy a portion of the Doral Resort in order to operate Pritikin Longevity Center & Spa, and for shared, non-exclusive use of other areas of the Doral Resort. Pritikin and Doral Resort and Spa also entered into a Group Room Agreement granting Pritikin exclusive rights to use up to 100 standard guest rooms and up to 10 suites at a contractually fixed rate.

Trump then purchased the Doral Resort out of bankruptcy, renamed it the Trump National Doral Miami and expressly assumed the Pritikin Lease and Group Room Agreement. In May 2014, Pritikin filed a lawsuit against Trump seeking declaratory relief to establish whether its lease extension was properly exercised per the terms of the Lease and Group Room Agreement (Count I); and to resolve a dispute regarding room rates (Count II). The Complaint was later amended to seek declaratory relief regarding Trump Endeavor's June 18, 2014 Notice of Termination of the lease (Count III).

The trial court eventually entered an order granting Pritikin's Motion for Partial Summary Judgment on Counts I and II. The court found that Pritikin had "validly exercised it's first of three extension options in accordance with Section

2

3.3a(i)(iii) of the Lease," and determined the daily room rates were adjusted correctly pursuant to paragraph 3d of the Group Room Agreement.

After a four-day bench trial in February 2015, the trial court entered a declaratory Final Judgment for Pritikin, incorporating the March 25, 2015 Amended Joint Verdict Form and Summary Judgment Order. The Final Judgment stated no findings of fact or conclusions of law.

Reversal is warranted because the trial court failed to provide sufficient findings of fact and conclusions of law, thus precluding meaningful review by this Court. Findings of fact and conclusions of law are required to review declaratory judgments. Featured Properties, LLC v. BLKY, LLC, 65 So. 3d 135 (Fla. 1st DCA 2011) (" '[w]here . . . orders do not contain sufficient findings of fact, . . . appellate courts typically deem them incapable of meaningful review and they remand with directions to the issuing courts to make the necessary findings.' ") (quoting In re Doe, 932 So. 2d 278, 283 (Fla. 2d DCA 2005)); Weatherford v. City of Hialeah, 537 So. 2d 680, 682 (Fla. 3d DCA 1989); Breuil v. Hobbs, 166 So. 2d 825 (Fla. 3d DCA 1964).

Accordingly, we reverse and remand the Final Judgment to the trial court with instructions to enter the necessary orders making sufficient findings of fact and conclusions of law.

Reversed and remanded.