DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**NATIONSTAR MORTGAGE, LLC,**
Appellant,

v.

**THOMAS CULLIN,** a/k/a **THOMAS W. CULLIN, DELCIE CULLIN,** and
**PARKLAND GOLF & COUNTRY CLUB,**
Appellees.

No. 4D17-84

[November 14, 2018]

Appeal and cross-appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Kathleen D. Ireland and Michael L. Gates, Judges; L.T. Case Nos. CACE-13-026132 (11) and CACE-14-014861.

Nancy M. Wallace of Akerman LLP, Tallahassee, and William P. Heller and Henry H. Bolz of Akerman LLP, Fort Lauderdale, for appellant.

Jonathan Kline of Jonathan Kline, P.A., Weston, for appellees Thomas Cullin and Delcie Cullin.

CONNER, J.

Nationstar Mortgage, LLC ("Nationstar") appeals the final judgment denying foreclosure entered in favor of the appellees, Thomas Cullin and Delcie Cullin. Because the trial court failed to state the basis for its decision and to make any factual findings on the record or in its final judgment, we are unable to conduct a meaningful appellate review. Accordingly, we reverse and remand for the trial court to enter an amended final judgment reflecting the basis of its decision and to make factual findings pertinent to that ruling.

*Background*

Nationstar filed a foreclosure action against the appellees. The appellees raised defenses of lack of standing, failure to comply with conditions precedent, and statute of limitations. The case proceeded to a nonjury trial. At trial, Nationstar called one witness and introduced

various documents into evidence. After Nationstar finished presenting its case, the appellees called the Nationstar witness to present evidence in support of their defenses and introduced some additional documentary evidence. After the evidence closed, the parties made closing arguments and presented draft proposed final judgments for the trial court to consider. The trial court did not articulate any findings or rulings at the close of the trial.

Eight days after the trial, the trial court entered a final judgment in favor of the appellees. The final judgment stated no findings of fact, conclusions of law, or reasons for the decision. Twenty-eight days after the final judgment was entered, the trial court denied Nationstar's motion for rehearing, again stating no findings of fact, conclusions of law, or reasons for the decision. Nationstar gave notice of appeal.

*Appellate Analysis*

We find ourselves in a similar situation we confronted in *Exotic Motorcars and Jewelry, Inc. v. Essex Ins. Co.*, 111 So. 3d 208 (Fla. 4th DCA 2013). In *Exotic Motorcars*, an action for declaratory judgment and breach of contract was filed. *Id.* at 208. Eventually, the trial court entered a judgment in favor of the appellee which contained no findings of fact, conclusions of law, or other indication of the basis for its decision. *Id.* at 208-09. Similar to this case, there were several grounds upon which the trial court might have ruled in favor of the appellee. *Id.* at 209. In *Exotic Motorcars* we said:

> In cases where, as here, orders on review cannot be resolved without meaningful findings, effective review may be deemed impossible and the cause remanded for findings, notwithstanding that such findings may not be mandated by rule or statute.

*Id.* In support of that legal proposition, we cited *Featured Properties, LLC v. BLKY, LLC*, 65 So. 3d 135 (Fla. 1st DCA 2011). *Id.*

In *Featured Properties*, the appellee sued for breach of contract and the appellant counterclaimed for rescission of the contract. 65 So. 3d at 136. The trial court awarded damages to the appellee, but did not articulate a legal basis for its ruling or make any findings of facts on key disputed issues. *Id.* at 136-37. The appellant argued that without findings of fact in the final judgment, the case had to be remanded back to the trial court to make appropriate findings. *Id.* at 137. The First District agreed that the failure to make findings of fact or to articulate the legal grounds for the judgment rendered the proceedings not ripe for appellate review. *Id.*

2

The First District concluded that "[e]ven where factual findings are not required by a procedural rule, statute, or other authority, remand may be appropriate where 'effective appellate review is made impossible by the absence of specific findings.'" *Id.* (quoting *Shaw v. Shaw*, 445 So. 2d 411, 412 (Fla. 4th DCA 1984)).  Therefore, the appellate court reversed and remanded with instructions for the trial court to enter an amended final judgment reflecting the basis of its decision.  *Id.* at 138.

Because the final judgment and trial transcript in this case contain no findings of facts, conclusions of law, or other indication of the basis for the trial court's decision, effective review is impossible.  Thus, we remand the case to the trial court to enter an amended final judgment reflecting the basis of its decision and to make appropriate findings of fact.  *See In re Doe*, 932 So. 2d 278, 283 (Fla. 2d DCA 2005) ("Where . . . orders do not contain sufficient findings of fact . . . , appellate courts typically deem them incapable of meaningful review and they remand with directions to the issuing courts to make the necessary findings." (citing *Hopkins v. State*, 632 So. 2d 1372, 1376–77 (Fla. 1994))).

The record suggests that the nonjury trial was conducted and the final judgment was entered by a senior judge whose temporary service in the Seventeenth Judicial Circuit was coming to an end.  If the trial judge is no longer serving or is unable to enter an amended final judgment reflecting the basis for the decision, then a new trial must be conducted.

*Reversed and remanded with instructions.*

CIKLIN, J., and MIRMAN, LAWRENCE, Associate Judge, concur.

*             *             *

***Not final until disposition of timely filed motion for rehearing.***

3