DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SKY ZONE LLC, ACTIVEPEN LLC** and **JONATHAN HOVELL,**
Appellants,

v.

**MICHAEL RYAN WEEKLY,**
Appellee.

No. 4D18-1583

[December 19, 2018]

Appeal of non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael L. Gates, Judge; L.T. Case No. 17-23604 CACE (12).

Charles M-P George of Law Offices of Charles M-P George, Coral Gables, and Derek H. Lloyd, Christopher R. Cooper and Loanmy Saranova of Chartwell Law Offices, Miami, for appellants.

Gary M. Farmer, Sr. and Gary M. Farmer, Jr. of Gary M. Farmer, Jr., P.A., Lighthouse Point, F. Catfish Abbott and Brittany R. Ford, Jacksonville, and Dixie Dan Powell, Crestview, for appellee.

GERBER, C.J.

The defendants in a personal injury action appeal from the circuit court's non-final order denying their motion to compel arbitration and stay litigation. The defendants' motion and the plaintiff's response raised several arguments of both a legal and evidentiary nature. The circuit court then held a hearing at which both legal arguments and evidence were presented. At the end of the allotted hearing time, the circuit court commented that the parties did not request an adequate amount of time, and the hearing ended abruptly without the court issuing an oral ruling. Shortly after the hearing, the circuit court entered an order summarily denying the defendants' motion.

Effective review of the circuit court's order is impossible. While the parties presented legal and factual arguments during the hearing, the circuit court's order contains no findings of facts, conclusions of law, or any basis for the circuit court's decision. *See Nationstar Mortgage, LLC v.*

*Cullin,* 2018 WL 5984111 at *1 (Fla. 4th DCA Nov. 14, 2018) ("Because the trial court failed to state the basis for its decision and to make any factual findings on the record or in its final judgment, we are unable to conduct a meaningful appellate review."); *Exotic Motorcars and Jewelry, Inc. v. Essex Ins. Co.,* 111 So. 3d 208, 209 (Fla. 4th DCA 2013) ("In cases where, as here, orders on review cannot be resolved without meaningful findings, effective review may be deemed impossible and the cause remanded for findings, notwithstanding that such findings may not be mandated by rule or statute.").

Ordinarily, we would remand the case to the circuit court to enter an amended order containing factual findings and legal conclusions to support its decision. *See id.* at 209-10 ("[W]e reverse and remand for the trial court to enter an amended final judgment and to make findings accordingly.").

However, because the judge who issued the order has since retired, we are left with no other choice but to remand the case for a new hearing before another judge who may issue an order capable of effective review. *See Cullin,* 2018 WL 5984111 at *2 ("If the trial judge is no longer serving or is unable to enter an amended final judgment reflecting the basis for the decision, then a new trial must be conducted.").

*Reversed and remanded for new hearing.*

CONNER and FORST, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**