DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**S.L.V.,** a minor, by **ANIKO VIGI**, as natural guardian and next friend
and third-party, and **ANIKO VIGI**, individually,
Appellants,

v.

**ARPAD TOTH,**
Appellee.

No. 4D18-1578

[April 3, 2019]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm
Beach County; Edward A. Garrison, Judge; L.T. Case No. 50-2017-CA-
000637-XXXX-MB.

Peter J. Snyder of Peter J. Snyder, P.A., Boca Raton, for appellants.

Arpad Toth, Boca Raton, pro se.

***ON MOTION FOR REHEARING***

PER CURIAM.

We grant appellee's motion for rehearing, withdraw our previous
opinion dated February 13, 2019, and substitute the following in its place.

Appellant, a minor, filed a complaint for declaratory relief through his
"natural guardian and next friend," his mother. The complaint sought a
declaration of the minor's rights with regard to a piece of real property
alleged to have been sold by the appellee, the minor's father. The father
unsuccessfully moved for summary judgment and the case proceeded to a
bench trial. The record on appeal contains no transcript of the trial, nor
have the parties agreed to a statement of the proceedings below.

After the trial, the lower court entered a final judgment dismissing the
complaint for declaratory relief with prejudice. The final judgment
contained no findings of fact, conclusions of law, or rationales for the trial
court's ruling. The trial court subsequently denied the minor's motion for
rehearing. This appeal followed.

This court generally reviews a trial court's dismissal of a complaint for declaratory judgment for abuse of discretion. *N & D Holding, Inc. v. Town of Davie*, 17 So. 3d 819, 820 (Fla. 4th DCA 2009). However, to the extent a court's dismissal is based on a legal determination, this court may conduct de novo review. *Goldman v. Lustig*, 237 So. 3d 381, 384 (Fla. 4th DCA 2018).

The lack of findings in this final judgment precludes meaningful appellate review, as review of a declaratory judgment generally requires adequate findings of fact and conclusions of law. *See Exotic Motorcars & Jewelry, Inc. v. Essex Ins. Co.*, 111 So. 3d 208, 209 (Fla. 4th DCA 2013); *Trump Endeavor 12, LLC v. Fla. Pritikin Ctr. LLC*, 208 So. 3d 311, 312 (Fla. 3d DCA 2016). This problem is amplified by the absence of any record of the trial court proceedings. Because it is entirely unclear on what basis the trial court dismissed the declaratory relief complaint, the final judgment is inadequate. *See Exotic Motorcars & Jewelry*, 111 So. 3d at 209.

We have previously determined that in a declaratory judgment action, where a trial court considers whether dismissal is required, "the trial court must fully determine the rights of the respective parties, as reflected by the pleadings." *Sears, Roebuck & Co. v. Forbes/Cohen Fla. Props., L.P.*, 223 So. 3d 292, 298 (Fla. 4th DCA 2017) (citation and quotation marks omitted). In this case, the trial court dismissed the action without "fully determining the rights of the respective parties, as reflected by the pleadings." *Id.*

"[C]onclusory final judgments on declaratory judgment claims, which are devoid of factual findings or conclusions of law, are inadequate." *Id.*; *see also Local 532 of the Am. Fed'n of State, Cty., & Mun. Emps., AFL-CIO v. City of Fort Lauderdale*, 273 So. 2d 441, 445 (Fla. 4th DCA 1973). The final judgment here merely dismissed the claim for declaratory relief, failing to fully detail the parties' rights. This was insufficient. *See Sears*, 223 So. 3d at 298.

This case was resolved after a trial and following the lower court's denial of a motion for summary judgment. At the trial, the court may have taken evidence and heard argument; without a record or adequate findings in the final judgment, however, it is impossible to determine which facts or what law formed the basis of its ruling. Having decided the merits of the case after a trial, the lower court was required to adjudicate the parties' rights. *See id.* We therefore reverse and remand for the trial court to make the required factual findings.

2

*Reversed and remanded with instructions.*

WARNER, DAMOORGIAN and LEVINE, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**